## WILD v. APPLE et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7169. Decided Nov. 22, 1926.

First Publication of this Opinion.

126. BANKS AND BANKING—57. Aid of Execution—Banks, which are notified to hold money in aid of execution, and afterwards pay it out, are liable.

Error to Municipal Court.
Judgment reversed.

W. H. Chapman, Cleveland, for Wild.
S. Y. Allen and M. Stern, Clevelnad, for Apple et.

VICKERY, J.

John Wild had a valid and subsisting judgment against Louis Apple. Certain money in the possession of the State Banking & Trust Co. and also in the Cleveland Trust Co. was described in Wild's petition. A summons was issued making Louis Apple, Bert Apple, and the two Banks, parties.

The lower court found that the money in the State Bank although in the name of Bert M. Apple, was the money of Louis S. Apple, and the same finding was made as to money in the Cleveland Trust Co. The Court also held that, inasmuch as the Banks had paid the money in the respective funds to Bert. M. Apple, there was nothing that they owed.

The lower court held that there was no injunction obtained against the payment of this money and no receiver appointed and therefore, the banks having paid this money, it was good payment. We cannot agree with the court in this. Summons served on the Banks notified them that they had been sued, with Louis & Bert Apple, and that a receiver was asked for, in the petition, to take charge of the property, claimed to be that of Louis Apple, and have it applied upon the judgment of plaintiff.

The court found that the money in question belonged to Louis Apple; and, the banks having paid this money, paid it wrongfully and at their peril. It was their duty to keep this money sequestered to await judgment of the court.

The doctrine of lis pendens tied up this property for all intents and purposes, so far as the banks are concerned, and the court was in error in finding against plaintiff upon this proposition. The case will be remanded to Municipal Court to carry into execution the judgment as outlined here.

(Levine, PJ., and Sullivan, J., concur.)